IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYE ANDERSON, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 23-cv-293-DES |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Marye Anderson ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I.    Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that [s]he is not only unable to do h[er] previous work but

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084. If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment

for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

### II.     Claimant's Background and Procedural History

In June 2021, Claimant applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Act. (R. 23, 242-58). Claimant alleges she has been unable to work since an amended onset date of August 1, 2022, due to posttraumatic stress disorder, depression, anxiety, chronic pain, and sleep apnea. (R. 49, 285). Claimant was 40 years old on the date of the ALJ's decision. (R. 37, 46). She has a ninth-grade education and past work as a nurse assistant. (R. 35, 60).

Claimant's claims for benefits were denied initially and on reconsideration, and she requested a hearing. (R. 98-133, 161-62). ALJ Robert Tjapkes conducted an administrative hearing and issued a decision on May 4, 2023, finding Claimant not disabled. (R. 23-37, 44-66). The Appeals Council denied review on June 28, 2023 (R. 7-12), rendering the Commissioner's decision final. 20 C.F.R. §§ 404.981, 416.1481. Claimant filed this appeal on September 6, 2023. (Docket No. 2).

### III.    The ALJ's Decision

The ALJ found at step one that Claimant had not engaged in substantial gainful activity since her amended alleged onset date of August 1, 2022. (R. 26). At step two, the ALJ found Claimant had the severe impairments of lumbar degenerative disc disease, obesity, major depressive disorder, generalized anxiety disorder, and trauma/stressor disorder. (R. 26). At step

three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 26-28).

Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform less than the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c) with the following non-exertional limitations: "understand, remember and carry-out simple instructions and tasks; have occasional interaction with co-workers, supervisors and the public; no production rate work (such as on an assembly line); and occasional changes in the workplace setting." (R. 28). The ALJ provided a summary of the evidence that went into this finding. (R. 28-35).

At step four, the ALJ concluded that Claimant could not return to her past relevant work. (R. 35). Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Claimant could perform other work existing in significant numbers in the national economy, including kitchen helper, hand packager, and cleaner II. (R. 36). Accordingly, the ALJ concluded Claimant was not disabled. (R. 37).

## IV.   Issues Presented

Claimant asserts the ALJ erred by: (1) failing to properly evaluate the opinions of state agency psychological consultants Dr. Erika Gilyot-Montgomery and Dr. Jeffrey Boyd, and (2) failing to account for the episodic nature of her mental impairments.

## V.   Analysis

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. A "medical opinion" is a statement from a medical source about what a claimant "can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions" in four work-related abilities. 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). These abilities include the "ability to perform mental demands

of work activities such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting[.]" 20 C.F.R. §§ 404.1513(a)(2)(i), 416.913(a)(2)(i). If the record contains a medical opinion, the ALJ must consider and address it in the RFC assessment, and, if the RFC conflicts with the opinion, the ALJ "must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The ALJ does not "defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the "persuasiveness" of medical opinions by considering five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including length, purpose, and extent of treatment relationship, frequency of examinations, and examining relationship); (4) specialization; and (5) other factors that tend to support or contradict the opinion or finding. 20 C.F.R. §§ 404.1520c(a), (c); 416.920c(a), (c). Supportability and consistency are the most important factors, and the ALJ must always explain how he considered those factors in the decision.[2] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ is not required to articulate findings on the remaining factors unless there are two or more medical opinions about the same issue that are equally well-supported and consistent with the record, but not identical.  20 C.F.R. §§ 404.1520c(b)(2), (3); 416.920c(b)(2), (3).

On October 29, 2021, state agency psychologist Dr. Erika Gilyot-Montgomery completed a mental RFC assessment and found Claimant was moderately limited in her ability to carry out detailed instructions, maintain attention and concentration for extended periods, work in

---

[2] Supportability refers to the relevancy of "the objective medical evidence and supporting explanations presented by a medical source" to support his or her medical opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency refers to the consistency of a medical source opinion "with the evidence from other medical sources and nonmedical sources" in the record.  20 C.F.R. §§404.1520c(c)(2), 416.920c(c)(2).

coordination with or in proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and respond appropriately to changes in the work setting. (R. 102-03). Dr. Gilyot-Montgomery then concluded that Claimant could: (i) concentrate, persist, and keep pace for simple, 2-3 step tasks; (ii) interact briefly and superficially with the public and others in a work setting; and (iii) adapt to infrequent changes and pressures. (R. 103). Dr. Jeffrey Boyd affirmed Dr. Gilyot-Montgomery's findings on review. (R. 121-22).

In discussing the medical source opinion evidence, the ALJ concluded the state agency psychological consultants' opinions were partially persuasive. (R. 35). Regarding the consistency and supportability of their opinions, the ALJ noted: (i) they did not have the opportunity to consider any medical evidence generated or provided after they issued their opinions; (ii) they never treated or examined Claimant; and (iii) their opinions were "somewhat vague, and not in vocational terms." (R. 35).

Claimant asserts the ALJ erred by limiting her to "occasional" interaction with co-workers, supervisors, and the public, when the state agency psychological consultants opined that Claimant should "interact briefly and superficially" with others. In other words, Claimant argues that the RFC is less restrictive than the opinions rendered by the state agency psychological consultants. The Court agrees. "[C]ourts have held that 'occasional and superficial are not coterminous.'" *Harvison v. Kijakazi,* No. CIV-20-146-SPS, 2021 WL4305769, at *4 (E.D. Okla. Sept. 22, 2021) quoting *Wood v. Comm'r of Soc. Sec.,* 2019 WL 1614591, at *3 (S.D. Ohio, April 16, 2019). "'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial

contact' goes to the quality of the interaction." *Id.* quoting *Wartak v. Colvin,* 2016 WL 880945, at *7 (N.D. Ind. March 8, 2016) ("Perhaps the ALJ determined that a shift in the frequency of contact would compensate for the depth of contact; but the ALJ does not say so, and there is no support for such a finding in the record."); *see also Sara R. v. Kijakazi,* No. 22-CV-1271 (KMM/TNL), 2023 WL 4564421, at *6 (D. Minn. June 28, 2023) ("The ALJ's limitation to up to occasional interactions with supervisors and coworkers fails to account for the state agency psychological consultants' limitation to brief and superficial interactions.").

Because the ALJ failed to either adopt the state agency psychological consultants' opinion that Claimant should "interact briefly and superficially with the public and others," or to explain why he did not do so, the matter is remanded to the Commissioner for further proceedings consistent with this Order. *See Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("In addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.); *see also Greene v. Saul,* 2020 WL 4593331, at *4 (N.D. Ind. Aug. 11, 2020) ("Because the ALJ in this case made no attempt to explain the basis for his decision to limit [Claimant] to 'occasional interaction' rather than 'superficial interaction," the ALJ failed to build an accurate logical bridge between the evidence and the RFC. This failure warrants remand.").

VI. **Conclusion**

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 18th day of September, 2024.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE